Gaston, Judge.
The decision of the court below on the question of commissions is, as we think, correct. The act of Assembly fixing the compensation of sheriffs, (1 Rev. Stat. c. 105, sec. 21,) after giving specific fees for specific services, declares a sheriff entitled to receive “ for selling the estate of an intestate, to be allowed by the Court, not exceeding two and a half per cent; for executing a warrant of distress, or an execution against the body, two and a half per cent, and for all monies collected by. him by virtue of any levy, two and a half per centum, and the like commissions on all moneys that may be paid the plaintiff by the defendant while such precept is in the hands of the -sheriff.” The difficulty in construing the last clause is in ascertaining the meaning of the words “ such precept.” The reference is to the execution meant in the clause, immediately preceding under the words, “ collected by virtue of any levy,” — and as express provision had been made for commissions in executing a warrant of distress and.an execution against the body, we *95 may be satisfied that neither of these was therein intended. The precept contemplated was then an execution against property, and it might be contended that “ by such precept” is to be understood an execution against property levied. On the other hand this interpretation is not readily reconciled with the words “ while in the hands of the sheriff.” But however this may be, we cannot believe that the legislature meant to give the sheriff a commission on money paid by the defendant to the plaintiff unless the execution in the hands of the sheriff was one by which the collection of the money, had it not been anticipated by the parties, might have been coerced. In the case stated it is agreed as a fact, that the defendant held nothing on which a levy coujd be made, and the sheriff made that return on the execution.
Although we approve of the decision thus made, we have a difficulty on the transcript in knowing what to do with the case. The record shews a scire facias sued out at the instance of the plaintiff, requiring of the defendant to shew cause wherefore execution should not issue against the defendant’s proper goods and chattels, to satisfy a judgment theretofore obtained against him in his representative character. ■ To this scire facias there are no pleas, so that it is not judicially seen what is disputed between the parties. But a case is stated upon which the opinion of the Court is asked, whether the defendant is liable for commissions claimed by the sheriff of Buncombe County. It does not appear frorn the case, what judgment, upon the agreement of the parties, is to be acknowledged and rendered between ¡them accordingly as the oppinion of the Court may be for or against the defendant upon this claim of the sheriff. If it did, then the judgment would follow that agreement, and be correct or erroneous, as the opinion by which it was to be regulated, might be right or wrong. Where there is no agreement for acknowledging a judgment, then the judgment is the sentence of the law upon the matter contained in the record— and we should say in this case, that there being no plea— nor default taken’for want of plea — any judgment between the parties, as the act of the Court, would be premature, and the course erroneous. Upon the whole however, we believe, that a judgment between the parties has not been *96 rendered. The transcript speaks indeed of a “judgment for the defendant, from which an appeal was prayed and grant-ecb” but it does not set forth that judgment, nor who appealed therefrom. Upon comparing the alleged judgment with the subject matter on.which it was asked, we think that we are not warranted in saying that more was done below than to-declare that the sheriff was not entitled to the commissions he asked of the defendant; and as in this collateral controversy “the sheriff” is represented as the claimant, we are to understand that he has appealed from the determination against his claim. Who is the person called “ the sheriff of Buncombe” does not appear — and if it did, we do not know him as a party in this cause. He cannot, therefore, appeal in it.
The Court directs the case to be dismissed, as not being properly before it.
Pek Cukiam. Case dismissed.